UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

ADRIAN JENKINS,

Plaintiff,

v.                6:14-cv-44

SUSAN M. WALKER and
DAVID BIKOFF,

Defendants.

## ORDER

Adrian Jenkins has appealed this Court's Order that denied the above motions. *See* ECF No. 14. The Court construes Jenkins's notice of appeal as a request for a Certificate of Appealability ("COA"). *See Edwards v. United States*, 114 F.3d 1083, 1084 (11th Cir. 1997).

"Before an appeal may be entertained, a prisoner who was denied habeas relief in the district court must first seek and obtain a COA . . . ." *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *see* 28 U.S.C. § 2253(c). The Court will issue a COA "where a petitioner has made a substantial showing of the denial of a constitutional right." *Miller-El*, 537 U.S. at 336; *see also* 28 U.S.C. § 2253(c)(2). Petitioner "must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* (internal quotations omitted).

When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added).

The Court adopted the Magistrate Judge's Report and Recommendations ("R&R"). ECF No. 12. The R&R did not reach Jenkins's underlying constitutional claim because the Magistrate Judge found that Jenkins had failed to show any actual injury. ECF No. 9 at 3. The Court agreed in its adoption of the R&R, noting that "Plaintiff sets forth no facts which reveal that he suffered an actual injury . . . ." ECF No. 12 at 1. Therefore, because reasonable jurists would not disagree whether Jenkins's petition should have been resolved differently, the Court finds that a COA should not issue.

The Court **DENIES** Jenkins's motion. This ___ day of August 2014.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA