**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

ADRIAN JENKINS,

    Plaintiff,

v.

SUSAN M. WALKER; and KELLY CARPENTER,

    Defendants.

CIVIL ACTION NO.: 6:14-cv-44

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff is currently incarcerated at Georgia State Prison ("GSP") in Reidsville, Georgia. He filed this cause of action pursuant to 42 U.S.C. § 1983, contesting certain conditions of his confinement at GSP. (Doc. 1.) The Court adopted a Report and Recommendation dismissing this case, (doc. 12), but Plaintiff appealed, (doc.16), and the case was sent back in part on remand, (doc. 23). Plaintiff filed an Amended Complaint, (doc. 28), to which Defendants have filed their own respective Motions to Dismiss for failure to state a claim, (docs. 37, 38). Plaintiff filed a Response to each of those Motions. (Docs. 39, 42.) For the reasons which follow, I **RECOMMEND** that the Court **GRANT** Defendants' Motions, **DISMISS** Plaintiff's Complaint, and **DENY** Plaintiff leave to appeal *in forma pauperis*.

## BACKGROUND[1]

Plaintiff's original complaint alleged that Defendant Walker and David Bikoff violated his right to access the courts because they refused to provide him with a free copy of his sentencing transcripts. (Doc. 1, p. 5.) Furthermore, Plaintiff claims that when he was eventually

---

[1] The Court takes the following facts from Plaintiff's Complaint and assumes them to be true, as it must at this stage.

provided the transcripts, certain portions of those documents were deleted. (Id. at pp. 8–18.) Plaintiff contends that this delay and alleged doctoring "effected [sic] Plaintiff's grounds and supporting facts" during his habeas case. (Id. at p. 18.) However, the Court adopted a Report and Recommendation dismissing the case because Plaintiff did not allege enough facts to show that the altered or falsified transcripts actually caused him harm. (Doc. 12.) At that point in time, Plaintiff's habeas case was still ongoing and Plaintiff could not prove that he had suffered an actual injury.

Plaintiff appealed to the Eleventh Circuit, which affirmed the dismissal as to David Bikoff, but vacated the dismissal against Defendant Walker. (Doc. 23, p. 5.) The Eleventh Circuit remanded to provide Plaintiff an opportunity to amend his Complaint. The Court stated that Plaintiff could potentially show injury regarding the access-to-courts claim because the state court had since dismissed his habeas case.[2] The Eleventh Circuit's opinion indicated that "[Plaintiff] may be able to state a claim by referencing the state court's habeas opinion, in which the state court denied [Plaintiff's] claims of ineffective assistance of counsel, and by showing injury from, for example, the state court's reliance on an allegedly altered transcript." (Id. at pp. 5–6.) Plaintiff filed an Amended Complaint re-incorporating his original Complaint and adding one more Defendant, Kelly Carpenter. (Doc. 28.)

## STANDARD OF REVIEW

When ruling on a Rule 12(b)(6) motion to dismiss, the Court must "accept[ ] the allegations in the complaint as true and constru[e] them in the light most favorable to the

---

[2] With regards to Plaintiff's original Due Process claims for the delayed transcripts, the Eleventh Circuit found that the delay did not cause Plaintiff an actual injury in his state habeas corpus proceeding. Plaintiff "did not allege that the lack of transcripts rendered him unable to raise his claims before the state court or that he missed any deadlines . . . . Rather, Jenkins alleged that he received the transcripts several months later, and that he had the transcripts by the time of the second state habeas evidentiary hearing." (Id. at p. 4.)

2

plaintiff." Belanger v. Salvation Army, 556 F.3d 1153, 1155 (11th Cir. 2009). "A complaint must state a facially plausible claim for relief, and '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" does not suffice. Iqbal, 556 U.S. at 678.

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal punctuation and citation omitted). While a court must accept all factual allegations in a complaint as true, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. Id.

## DISCUSSION

**I.    Whether Plaintiff States an Access to Courts Claim**

Plaintiff has not alleged enough in his Amended Complaint to assert a denial of access to the courts claim. "Access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment." Chappell v. Rich, 340 F.3d 1279, 1282 (11th Cir. 2003) (citing Christopher v. Harbury, 536 U.S. 403, 415 n.12 (2002)). However, to bring an access-to-courts claim, an inmate must establish that he suffered an actual injury to a non-frivolous claim as a

result of the defendant's alleged interference. Lewis, 518 U.S. at 349; see also Bass v. Singletary, 143 F.3d 1442, 1445 (11th Cir. 1998).

The Eleventh Circuit stated that Plaintiff's original Complaint was deficient because it "noted what was missing or altered in the transcripts, but did not indicate how the alterations or deletions injured his state habeas petition." (Doc. 23, p. 5.) In other words, Plaintiff failed to show how Defendants' alleged interference caused an actual injury. However, Plaintiff's Amended Complaint still fails to "indicate how the alterations or deletions injured his state habeas petition." And despite the Eleventh Circuit providing Plaintiff with specific guidance as to how he could amend his Complaint to state a viable claim, Plaintiff chooses to ignore this advice. Or rather, he simply copies their suggestion into his Amended Complaint without actually following the advice.

Although the Eleventh Circuit advised Plaintiff to reference the state court's habeas opinion to show injury and allege facts to show where the state court relied on the allegedly altered transcript, Plaintiff's Amended Complaint simply asserts in a conclusory fashion that he "suffered an 'actual injury' when the state court based its habeas corpus ruling on the 'defective transcripts.'" (Doc. 28, p. 9.) He provides no further elaboration as to how or whether the state court actually used the allegedly defective transcripts in dismissing his habeas petition. See Pilgrim v. Littlefield, 92 F.3d 413 (6th Cir. 1996) ("In order to state a claim for denial of meaningful access to the courts, however, plaintiffs must plead and prove prejudice stemming from the asserted violation."). Plaintiff also fails to "'provide factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Wooten v. Quicken Loans, Inc., 626 F.3d at 1196 (quoting Iqbal, 556 U.S. at 678). Rather, he

merely offers "labels and conclusions" and "a formulaic recitation of the elements of a cause of action." Iqbal, 556 U.S. at 678.

Furthermore, although the Eleventh Circuit provided Plaintiff with an opportunity to amend his deficient Complaint, Plaintiff argues in his Amended Complaint that his original Complaint "already articulated [his] claims for relief" and "accurately cited the essential facts and legal arguments." (Doc. 28, pp. 9–10.) To make matters worse, in Plaintiff's Reply to Defendants' Motions to Dismiss, Plaintiff then instructs this Court to allege the actual injury for him. He says he will "leave it to the Court" to decide whether the alleged deletions "would have . . . resulted in the habeas court opinion being different." (Doc. 42, p. 4.) Plaintiff has utterly failed to take the opportunity the Eleventh Circuit provided him to cure his Complaint and instead uses the opportunity to add on a new Defendant. Even in his allegations against Defendant Carpenter, Plaintiff still fails to allege enough facts to indicate how she actually injured him. (Doc. 28, pp. 5, 7.)

Although at the pleading stage, Plaintiff is only required to provide a "short and plain statement of the claim," he still must provide "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Fed. R. Civ. P. 10; Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Plaintiff has failed to do so despite clear guidance from the Eleventh Circuit. Accordingly, the Court should **GRANT** both Defendant Walker and Carpenter's Motions to Dismiss and **DISMISS** Plaintiff's Complaint.

**II.     Leave to Appeal In Forma Pauperis**

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **GRANT** Defendants' Motions to Dismiss, (docs. 37, 38), **DISMISS** this action, and **DIRECT** the Clerk of Court to enter the

appropriate judgment of dismissal and **CLOSE** this case. I further **RECOMMEND** that the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 2nd day of August, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA